Dear Representative Ottinger:
This is in reply to your request for an opinion concerning the following question:
 "Mr. Steven M. Geary, Supervisor, Consumer Credit, Division of Finance, Department of Consumer Affairs, Regulation Licensing, has ruled (see attached) that Section 408.200
of the Revised Statutes of Missouri permits a lender to have outstanding at any one time, a) a traditional small loan, b) any number of small loans for single purchase of goods or services in amounts of $2500 or more, c) an open end credit small loan where no credit card has been issued, and d) open end small loan where credit cards have been issued and while outstanding, interest on each loan may be charged at the maximum rate allowed by Section 408.100 of such revised statutes.
 "Does Subsection 3 of Section 408.200, Missouri Revised Statutes, when there are outstanding at any one time, a) a loan made pursuant to Section 408.100 of $500 or less, b) a closed end contract evidencing a loan in the principal amount of $2500 or more where the loan proceeds are used to purchase goods or services pursuant to a single contract of purchase in amounts equal to or greater than the amount of the loan, c) an open end credit contract where no credit card has been issued, and d) an open end credit contract where a credit card has been issued, permit a lender to consider all four types of loans independently and separately for the purpose of computing interest and the maximum rates allowed by Section 408.100
of the Revised Statutes of Missouri, without regard to any other type of loan contract?"
As your request implies, recent legislative enactments have a bearing on your question. Section 408.200, RSMo Supp. 1977, reads as follows:
 "1. Except as provided in subsections 2 and 3, no lender shall permit any borrower to be indebted to such lender on two or more contracts at any time for the purpose or with the result of contracting for or receiving the interest permitted by section 408.100 on more than five hundred dollars of principal (excluding interest). It shall be lawful for a lender to lend at the same or different times to the same borrower five hundred dollars or less under and at the rates permitted by section 408.100 and additional amounts at not more than ten percent per annum even though such additional amounts bring the aggregate amount outstanding to an amount in excess of five hundred dollars and whether such loan or loans be evidenced by one or more than one note or loan contract. When such aggregate principal amount outstanding exceeds five hundred dollars and is evidenced by one note or loan contract, it shall be treated as one loan and interest may be computed at the rates permitted under section 408.100 on that part of the unpaid principal balance of the total indebtedness not exceeding five hundred dollars and at no more than ten percent per annum on any remainder of such unpaid principal balance and the provisions of sections 408.120, 408.130 and 408.160 to 408.180
shall apply to the full amount of the note or loan contract.
"2. As used in subsection 3,
 (1) `Open end credit' shall mean loans defined as such in the federal Consumer Credit Protection Act and regulations thereunder.
 (2) `Closed end credit' shall mean loans other than open end credit.
 (3) `Credit card' shall mean a credit device defined as such in the federal Consumer Credit Protection Act and regulations thereunder, except that as used in subsection 3 the term shall be limited to credit cards which permit the holder to purchase goods and services upon presentation to third parties, whether or not the credit card also permits the holder to obtain loans of any other type.
 "3. Notwithstanding subsection 1, each note or loan contract of the following types shall be considered separately for purposes of computing the interest allowed on loans made under such contract and it shall be lawful to charge the rates permitted by subsection 1 and section 408.100
on each such contract without regard to any other loan to the same borrower:
 (1) Closed end credit contracts evidencing loans in the principal amount of two thousand five hundred dollars or more for the purchase of goods or services pursuant to a single contract of purchase in an amount equal to or exceeding the amount of the loan;
 (2) Open end credit contracts other than contracts under which a credit card has been issued, provided that if a lender has more than one such contract with any borrower all such contracts shall be considered together (but without regard to contracts of any other type) for purposes of computing the interest allowed on loans made thereunder;
 (3) Open end credit contracts under which a credit card has been issued.
 "4. Subsection 3 shall not apply to any transaction in which a single extension of credit is allocated to two or more of the categories therein described for the purpose or with the result of contracting for or receiving a higher rate of interest than would have been permitted if the loan had been made under subsection 1."
Previously, this section read:
 "No lender shall permit any borrower to be indebted to such lender on two or more contracts at any time for the purpose or with the result of contracting for or receiving the interest permitted by section 408.100
on more than five hundred dollars of principal (excluding interest). It shall be lawful for a lender to lend at the same or different times to the same borrower five hundred dollars or less under and at the rates permitted by section 408.100 and additional amounts at not more than ten percent per annum even though such additional amounts bring the aggregate amount outstanding to an amount in excess of five hundred dollars and whether such loan or loans be evidenced by one or more than one note or loan contract. When such aggregate principal amount outstanding exceeds five hundred dollars and is evidenced by one note or loan contract, it shall be treated as one loan and interest may be computed at the rates permitted under section 408.100 on that part of the unpaid principal balance of the total indebtedness not exceeding five hundred dollars and at no more than ten percent per annum on any remainder of such unpaid principal balance and the provisions of sections 408.120, 408.130, and 408.160 to 408.180 shall apply to the full amount of the note or loan contract."
Clearly, the legislature intended to make a substantive change by the repeal and re-enactment of Section 408.200 in 1977. Legislative intent is gleaned from such repeal and re-enactment.
The repeal and re-enactment of Section 408.200 provides that a lender may have outstanding at any one time a traditional small loan ($500 or less), closed end credit contracts evidencing loans in the principal amount of $2500 or more for the purchases of goods or services pursuant to a single contract of purchase in an amount equal to or exceeding the amount of the loan, open end credit contracts where no credit card has been issued provided that if a lender has more than one such contract with any borrower all such contracts shall be considered together but without regard to contracts of any other type for the purpose of computing interest allowed on loans made thereunder, and open end credit contracts under which a credit card has been issued. These are separate loans which bear rates of interest allowed by Sections 408.100 and 408.200.1, RSMo, on each loan. In each case, the lender should look to the specific exception in the statute to determine whether this is the type of credit contract which falls within that exception.
Very truly yours,
 JOHN ASHCROFT Attorney General